IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**FENCEL O'HARA MARTIN**

    **Petitioner,**

    v.                                      **Criminal Action No. 88-76-N**

**UNITED STATES OF AMERICA**

    **Respondent.**

**OPINION and ORDER**

Pending before the court is petitioner's pro se "Motion Pursuant to 18 U.S.C. § 3582(c)(2) and Sentence Guidelines §1B1.10(c) for Reduction of Sentence Based on Guideline Amendment #506", filed on September 22, 2005, requesting a modification of his term of imprisonment. Because the claims brought by the petitioner are claims that challenge his conviction or sentence, the court construes the petition as one brought pursuant to section 2255. See 28 U.S.C. § 2255. As the petitioner has previously filed a section 2255 petition with this court, the court finds that the instant petition is successive under the Antiterrorism and Effective Death Penalty Act of 1996 and **DISMISSES** the petition.

**I. Background**

On August 16, 1988, a jury found the petitioner guilty of Counts One and Fifty-Four of an indictment charging the petitioner with conspiracy to distribute and possession with intent to distribute cocaine and knowingly and intentionally distributing cocaine, in violation of Title 21, United States Code, sections 846 and 841(a)(1). On October 21, 1988, the court sentenced the

1

petitioner to 360 months on the conspiracy count and 240 months on the distribution count, to run concurrently. On October 31, 1988, the petitioner filed a notice of appeal. On February 26, 1990, the Fourth Circuit affirmed his conviction and sentence.

On April 23, 1997, the petitioner file a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which the court dismissed as untimely. The petitioner appealed the dismissal of his section 2255 petition. On October 19, 1998, the Fourth Circuit held that the petitioner's section 2255 petition was timely pursuant to Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998). Accordingly, the Fourth Circuit remanded the case to this court for consideration on the merits and gave the petitioner until April 23, 1997 to file a timely motion.

On February 9, 1999, this court denied the petitioner's section 2255 petition. On June 25, 1999, the Fourth Circuit dismissed the petitioner's appeal of this decision. On September 22, 2005, the petitioner filed the instant motion pursuant to 18 U.S.C. § 3582(c)(2).  On October 17, 2005, the government filed a motion to dismiss petitioner's motion for reduction of sentence. On November 9, 2005, the petitioner filed his reply to the government's response. Thus, this matter is ripe for review.

## II. Discussion

The petitioner claims that section 3582(c)(2) entitles him to a reduction of his sentence under Amendment No. 506 of the United States Sentencing Guidelines, which became effective November 1, 1994. In addition, the petitioner argues that: (1) the court erroneously determined that petitioner's 1985 state conviction for a drug offense was a prior offense for purposes of applying 4B1.1, thereby increasing his offense level and criminal history category; (2) the court erroneously applied the career offender enhancement when the guidelines exceeded their stated authority by including conspiracy

as a triggering event; (3) his base offense level was erroneous because it was based on murders that were committed by others while he was in prison; and (4) the court violated his Sixth Amendment guarantee when it adopted the enhancements in the PSR. The court finds that section 3582(c)(2) is inapplicable to the petitioner's case, and that the petitioner's motion is actually an attempt to file a successive motion under section 2255. Because the petitioner has previously filed a section 2255 petition with this court, the court finds that the instant petition is successive under the Antiterrorism and Effective Death Penalty Act of 1996 and **DISMISSES** the petition.

> Section 3582 (c)(2) provides:
>
> The court may not modify a term of imprisonment once it has been imposed except that–
>    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.

Petitioner has failed to recognize, however, the qualifying language of section 3582(c)(2) that grants the court authority to modify a sentence under this subsection only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." Id. Absent the lowering of the sentencing range, the court is bound by the general prohibition of section 3582(c) that "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582 (c).

In this case, the petitioner claims that the sentencing range has been lowered as a result of Amendment No. 506 to the Sentencing Guidelines, which became effective November 1, 1994. Amendment 506 revised the commentary to section 4B1.1 of the Sentencing Guidelines, which is the Career Offender provision. The Amendment states:

> 'Offense Statutory Maximum,' for the purposes of this guideline, refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), (b)(1)(C), and (b)(1)(D)). For example, where the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the 'Offense Statutory Maximum' for the purposes of this guideline is twenty years and not thirty years.

U.S.S.G. app. C, amend. 506.

Based on this amendment, the petitioner claims that his sentence should be lowered because he was attributed with the Career Offender enhancement and was subject to an enhanced sentence based on his prior convictions. The government disagrees claiming that Amendment No. 506 is simply a clarifying provision which is not retroactive and does not have the effect of lowering the sentencing range.

However, this court finds that the real reason that Amendment No. 506 does not entitle the petitioner to a sentencing reduction is because this amendment was made invalid by United States v. Labonte, 520 U.S. 751 (1997). See also United States v. Rowland, 2001 U.S. App. LEXIS 1791 (4th Cir. February 7, 2001)(unpublished). In Labonte, the Supreme Court addressed this exact issue finding Amendment No. 506 invalid because the Sentencing Commission is not authorized "to select as the relevant 'maximum term' a sentence that is different from the congressionally authorized

4

maximum term." Id. at 761. The Court explains that, "[w]here Congress has enacted a base penalty for first-time offenders or nonqualifying repeat offenders, and an enhanced penalty for qualifying repeat offenders, the 'maximum term authorized' for the qualifying repeat offenders is the enhanced, not the base, term." Id. at 759.

In response to Labonte, the Commission drafted Amendment No. 567, which became effective November 1, 1997, defining the "offense statutory maximum" as "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, *including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record.*" U.S.S.G. § 4B1.1, Application Note 2 (emphasis added). Thus, Amendment No. 567 supersedes Amendment No. 506. Accordingly, section 3582(c)(2) is not applicable to the petitioner's case because his sentencing range has not been lowered by an amendment to the guidelines. Thus, the court does not have the authority to modify petitioner's sentence under section 3582(c)(2).

Although the petitioner has labeled his petition as a motion for a reduction of sentence under section 3582(c)(2), the petitioner's remaining arguments show that the petitioner's motion is actually an attempt to file a successive 2255 petition. In making these arguments, the petitioner is simply resurrecting arguments that he has previously made either on appeal or in his prior 2255 petition. The Fourth Circuit has a "longstanding practice . . . to classify pro se pleadings from prisoners according to their contents, without regard to their captions." See Winestock, 340 F.3d at 203.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions. See Felker v. Turpin, 518 U.S. 651,

664, 116 S.Ct. 2333 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). A successive 2255 motion must be certified by the Court of Appeals. 28 U.S.C. § 2255. Section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In the absence of certification by the Fourth Circuit, the district court lacks jurisdiction to consider a successive collateral review application or any other motions filed in relation to such successive motion. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

> The appellate court will only allow successive 2255 petitions in two very limited cases:
>
> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The petitioner's motion does not fall into either one of these categories; it is not based on newly discovered evidence, nor is it based on a new rule of constitutional law that has been made retroactive by the Supreme Court.[1] Thus, in the absence of certification by the Fourth Circuit, the district court lacks jurisdiction to consider a successive collateral review application. See Winestock, 340 F.3d at 205. Accordingly, the petitioner's "Motion Pursuant to 18 U.S.C. § 3582(c)(2) and Sentence Guidelines §1B1.10(c) for Reduction of Sentence Based on Guideline

---

[1] Although the petitioner does not explicitly mention United States v. Booker, 543 U.S. 220 (2005), he does claim that his sentencing enhancements under the Guidelines violate the Sixth Amendment. If indeed the petitioner is making a Booker argument, his claim is without merit because Booker is not retroactive on collateral review. United States v. Morris, 429 F.3d 65 (4th Cir. 2005).

Amendment #506" is **DISMISSED**.

Motions pursuant to section 3582 are criminal in nature and subject to the ten-day appeal period in Rule 4(b)(1)(A).  See United States v. Jenkins, 75 Fed. Appx. 208 (4th Cir. 2003); United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that section 3582 proceeding is criminal in nature and ten-day appeal period applies). However, because the court has construed this motion as a successive attempt to file a section 2255 petition, the court advises the petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 19th, 2006